### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

ASHLEY BLANKENSIP, Administratrix
of the Estate of AUBREE INGERSOLL,
a deceased infant,

        Plaintiff,

v.                           CIVIL ACTION NO. <u>2:16-cv-12082</u>

ENA, INC., a corporation,

        Defendant.

## C O M P L A I N T

    Comes now the Plaintiff, Ashley Blankenship, Administratrix of the Estate of
Aubree Ingersoll, a deceased infant, by counsel, Bert Ketchum, Larry A. Bailey and
Clayton J. Maddox, and hereby files this Complaint against Defendant, ENA, Inc.
(formerly known as Necco, Inc.), showing the court, as follows:

## JURISDICTION

1.    Jurisdiction is founded on diversity of citizenship and amount:

    (a)    Plaintiff, Ashley Blankenship, Administratrix of the Estate of
Aubree Ingersoll, a deceased infant, is a resident of Mingo County,
West Virginia.

    (b)    Aubree Ingersoll, an infant born on May 11, 2015, died in her crib
on July 1, 2015.   Plaintiff, Ashley Blankenship, is the biological

1

mother of Aubree Ingersoll and was appointed Administratrix of the Estate of Aubree Ingersoll by the Mingo County Commission on June 27, 2016. (Exhibit 1 Attached – Agreed Order Appointing Administratrix).   Aubree Ingersoll is survived by her mother, Ashley Blankenship; her biological father, Leonard Steven Ingersoll; her brother, Arden Blankenship, a minor; and her sister, Gabrielle Blankenship, a minor.   Reagan Michael Davidson and Robert Mitchell Davidson are half-brothers whose whereabouts are unknown.

(c)   Defendant, ENA, Inc. (hereinafter called "Necco") is a corporation with its principal place of business in Ohio and doing business in the State of West Virginia.

2.   The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

3.   The matters in controversy arose out of acts or omissions that occurred in Mingo County, West Virginia.

4.   Jurisdiction and venue are proper in the United States District Court for the Southern District of West Virginia at Charleston.

## BACKROUND

5.    Plaintiff reasserts paragraphs numbered 1-4 of the Complaint as if stated verbatim herein.

6.    West Virginia Department of Health & Human Resources (hereinafter called "WV DHHR") is a State agency created by and existing under the laws of the State of West Virginia.    WV DHHR is responsible for the operation of a number of programs that affect families and children, including day care centers, adult care providers, early childhood services and the fostering and adoption of West Virginia children.    WV DHHR is responsible for the day to day delivery of services such as child and adult protective services, foster care, adoption, financial assistance, and food stamps.

7.    It is the responsibility of the WV DHHR to provide care for children who are committed to its care for custody or guardianship.    Such care can be provided for in family homes and foster homes meeting required standards of certification established and enforced by the WV Department of Health & Human Resources.

8.    At all times relevant to this Complaint, WV DHHR contracted with Defendant, Necco, to provide specialized foster care and other related services for youth whom the WV DHHR had custody and/or legal guardianship.

9.    At all times relevant to this Complaint, WV DHHR was the legal guardian of Aubree Ingersoll, a deceased infant.

10.    At all times relevant to the Complaint, WV DHHR placed Aubree Ingersoll, a deceased infant, in the possession, custody, control, supervision and/or care of  Defendant, Necco, for specialized foster care and related services.

11.    At all times relevant to the Complaint, Defendant, Necco, was an independent contractor responsible for providing specialized foster care and other related services to Aubree Ingersoll, a deceased infant.

12.    At all times relevant to the Complaint, Defendant, Necco, through its agents, servants and employees including, but not limited to, foster parents, was responsible for performing acts for and on behalf of Aubree Ingersoll, a deceased infant, which included, but were not limited to, ministerial acts such as putting, placing and positioning Aubree Ingersoll, an infant, safely in a crib to sleep.

13.    At all times relevant to the Complaint, Defendant, Necco, was vicariously liable for the negligent acts and omissions of its agents, servants and employees providing specialized foster care and other related services to youth including Aubree Ingersoll, a deceased infant, for and on behalf of Necco.

14.    At all times relevant to the Complaint, Necco, its agents, servants and employees including, but not limited to, the foster parents who had possession, custody, control, supervision and/or care of Aubree Ingersoll, a deceased infant, were acting within the scope of their employment, agency and/or relationship with Defendant, Necco.

## COUNT I

15.    Plaintiff reasserts paragraphs numbered 1-14 of the Complaint as if stated verbatim herein.

16.    Prior to July 1, 2015, Aubree Ingersoll, a deceased infant, was in the possession, custody, control, supervision and/or care of a foster parent (hereinafter called

"FP1") who was an agent, servant and/or employee of Necco.  While acting within the scope of her employment, agency and/or relationship with Necco, FP1 negligently and carelessly placed Aubree Ingersoll, a deceased infant, in the temporary possession, custody, control, supervision and/or care of another foster parent (hereinafter called "FP2") who was an agent, servant and/or employee of Defendant, Necco.

17.    On July 1, 2015, while acting in the scope of her employment, agency and/or relationship with Necco, FP2 wrongfully and negligently put, placed or positioned Aubree Ingersoll, a deceased infant, in a crib to sleep resulting in her death.

18.    Aubree Ingersoll, an infant, died while in the possession, custody, control, supervision and/or care of Defendant, Necco, its agents, servants and/or employees including, but not limited to, FP1 and FP2.

19.    As the direct and proximate result of the negligence of FP1 and FP2, the Estate of Aubree Ingersoll, a deceased infant, has sustained injuries and has suffered damages including, but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Aubree Ingersoll.

WHEREFORE, Plaintiff, as duly appointed Administratrix of the Estate of Aubree Ingersoll, a deceased infant, demands judgment against Defendant, Necco, in an amount that will reasonably compensate the Estate of Aubree Ingersoll for its injuries, damages,

expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

A trial by jury is demanded.

## COUNT II

20.     Plaintiff reasserts paragraphs 1-19 of the Complaint as if stated verbatim herein.

21.     On and before July 1, 2015, Necco contracted for and otherwise assumed responsibilities for providing specialized foster care and other related services to youth under the legal guardianship of WV DHHR including, but not limited to, Aubree Ingersoll, a deceased infant.

22.     At all times relevant to the Complaint, Defendant, Necco, was negligent in causing Aubree Ingersoll's death by failing to:

> a.     reasonably and/or properly assess the ability of FP1 and FP2 to provide care, support and supervision for Aubree Ingersoll, a deceased infant;
>
> b.     properly study and assess foster parents' homes for the supervision and care of Aubree Ingersoll, a deceased infant;
>
> c.     provide reasonable and proper training to FP1 and FP2 for the care, supervision and needs of Aubree Ingersoll, a deceased infant;
>
> d.     create and maintain proper documentation relevant to foster care and related services provided to Aubree Ingersoll, a deceased infant;
>
> e.     provide supportive services to FP1, FP2 and their households for Aubree Ingersoll, a deceased infant;
>
> f.     provide for the care, support and personal needs of Aubree Ingersoll, a deceased infant;

g.   provide the care, support and services to Aubree Ingersoll, a deceased infant, required or otherwise mandated by West Virginia law;  and

h.   oversee and administer the transfer of Aubree Ingersoll, a deceased infant's, possession, custody, control, supervision and/or care from FP1 to FP2.

23.   As the direct and proximate result of the negligence of Defendant, Necco, the Estate of Aubree Ingersoll, a deceased infant, has sustained injuries and has suffered damages including, but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning  capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Aubree Ingersoll.

WHEREFORE, Plaintiff, as duly appointed Administratrix of the Estate of Aubree Ingersoll, a deceased infant, demands judgment against Defendant, Necco, in an amount that will reasonably compensate the Estate of Aubree Ingersoll for its injuries, damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

A trial by jury is demanded.

## COUNT III

24.     Plaintiff reasserts paragraphs 1-23 of the Complaint as if stated verbatim herein.

25.     Death does not ordinarily occur to infants safely and reasonably put, placed or positioned in a crib to sleep.

26.     At all times relevant to the Complaint, Defendant, Necco, its agents, servants or employees were in the exclusive possession, custody, control, supervision and care of Aubree Ingersoll, a deceased infant, and had a duty to safely and reasonably put, place or position Aubree Ingersoll, an infant, in a crib to sleep.

27.     Defendant, Necco, its agents, servants or employees negligently put, placed or positioned Aubree Ingersoll, a deceased infant, in a crib to sleep which caused her death.

28.     As the direct and proximate result of the negligence of Defendant, Necco, its agents, servant and employees, the Estate of Aubree Ingersoll, a deceased infant, has sustained injuries and has suffered damages including, but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Aubree Ingersoll.

WHEREFORE, Plaintiff, as duly appointed Administratrix of the Estate of Aubree Ingersoll, a deceased infant, demands judgment against Defendant, Necco, in an amount

that will reasonably compensate the Estate of Aubree Ingersoll for its injuries, damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

A trial by jury is demanded.

## COUNT IV

29.     Plaintiff reasserts paragraphs 1-28 of the Complaint as if stated verbatim herein.

30.     At all times relevant to the Complaint, Defendant,  Necco, its agents, servant and /or employees including, but not limited to, FP1 and FP2, acted maliciously or with conscious, reckless and outrageous indifference to the health, safety, and welfare of others including, Aubree Ingersoll, a deceased infant, when providing foster care and related services.

31.     As a direct and proximate result of the Defendant, Necco, its agents, servants and/or employees, acting maliciously or with conscious, reckless and outrageous indifference to the health, safety, and welfare of others, Aubree Ingersoll, a deceased infant, died.

32.     As a direct and proximate result of the Defendant, its agents, servants and/or  employees including, but not limited to, FP1 and FP2, maliciously or with conscious, reckless and outrageous indifference to the health, safety, and welfare of others, the Estate of Aubree Ingersoll has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the

decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Aubree Ingersoll.

WHEREFORE, Plaintiff, as the duly appointed Administrator of the Estate of Aubree Ingersoll, a deceased infant, demands judgment against the Defendant, Necco, in an amount that will reasonably compensate the Estate of Aubree Ingersoll for its injuries, damages, punitive damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

A trial by jury is demanded.

Bert Ketchum (WVSB #6618)
Larry A. Bailey (WVSB #211)
Clayton J. Maddox (WVSB #12352)
GREENE, KETCHUM,
FARRELL, BAILEY & TWEEL
419 Eleventh Street
Post Office Box 2389
Huntington, WV  25724
(304) 525-9115
(Counsel for Plaintiff)